IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| VALENT KOLAMI, and ADRIAN EMIN )<br>)<br>Petitioners, )<br>)<br>vs. )<br>)<br>ERIC HOLDER, et al. )<br>)<br>Respondents. ) | Case No. 4:12-cv-03885-SLB-TMP |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In this action for habeas corpus relief under 28 U.S.C. § 2241, Petitioners Adrian Emin ("Emin") and Valent Kolami ("Kolami") seek relief in the form of release pending deportation to Albania pursuant to orders of deportation. When petitioners filed the instant action, they were being held in the Etowah County Detention Center, located within this district. On August 22, 2013, Respondents filed a motion to dismiss the action as moot, supported by evidence, asserting that Emin has been released pursuant to an Order of Supervision and is no longer in ICE custody. By order dated August 26, 2013, the court notified Emin that the petition would be treated as ripe for summary disposition and informed him of his right to provide materials in opposition. To date, no response has been filed.

On November 6, 2013, Respondents filed a second motion to dismiss the action as moot, supported by evidence, asserting that Kolami has been released pursuant to an Order of Supervision and is no longer in ICE custody. By order dated November 7, 2013, the court notified Kolami that the petition would be treated as ripe for summary disposition and informed him of his right to provide materials in opposition. To date, no response has been filed.

## MOOTNESS

At the time petitioners filed the § 2241 petition, they were confined as immigration detainees. In the motions to dismiss the petition as moot, the respondents demonstrated through the declaration of Adam Austin that the Emin was released on an order of supervision on August 16, 2013, and Kolami was released on an order of supervision on October 31, 2013. Accordingly, it appears clear that the petitioners have received the relief they sought, and there is no longer any case or controversy between the parties. The petition seeking release pending deportation is therefore moot and is due to be dismissed.

## RECOMMENDATION

Because the instant petition is moot, the magistrate judge RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as MOOT.

## NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.** Failure to do so will bar any later challenge or review of the factual findings **or legal conclusions** of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S. Ct. 899, 88 L. Ed.2d 933 (1986); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to

challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DATED this 2nd day of December, 2013.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE